Per curiam

Formerly, demises in declarations in Er jeefmem, were enlarged only by consent, and not otherwise. A different practice began to prevail in ;¡¡e English courts, in the latter part of the reign of George II. and hath continued hitherto. It very probably p e'ailed here also. The first instance was in the twenty-first of George II. icportcd'in Strange, 1273. A distinción was math* about this time, between the cases where judgment had been given and where not. If it had been given, the record was made, up and could not be altered. After-wards, a distinction was made between the cases where the motion to enlarge was made pending the ejectment, and where after. In the latter case it could nor be altered, for that would be to make a new term, and not to enlarge the old. These distinctions seem to have been adopted, to get at an amendment without infringing former decisions — some of which had decided, that the enlargement could not be made where the motion was after the term expired. However, since these distinctions pre *379 vailed, there, have been other decisions in favour of cn-forging the d»mise, without regarding the former rules. In tlie first of George III, the demise was laid to he in the SSd of George 111. — after verdict, the court upon argument, allowed the demise to be amended : there, the term was not commenced at the time of the trial. There was another rase, Gowp. 841, where the demise was enlarged after judgment. In the .14th of George III the term was expired and allowed to be enlarged. 2 BL Re. 940, 941. The court there said, an ejectment is the creature of the court, and open to every equitable regulation for expediting the true justice of the case. These deri-sions wi ic «!e< Iarations of what the. common law was long befare our Revolution. They were most prob »bly received here — and if only such decisions as took place before the Revolution, are evidences of the common law under fjie act of 1778, still the amendment may be made. It seems highly proper upon the reason of the tiling, that amendments of this kitul should be'made. The demise is bin a fiction — if is mil real. The only question in eject-Blent is, has the lessor such a title as can enable him to make such a lease as that stated in the declaration — if he has, he ought to recover. The term of the demise, is immaterial. Whether the demise he. for a longer or a shorter time, ¡he party’s title is in no wise- altered or affected by 'hat circumstance — and if in general such alterations ought to be made for expediting justice, there are very ample reasons why if: should he made in the case now before the court. This demise, was laid to he. of five years continuance, and by the delays of the court that time is expired, or is likely to expire before the cause rati he tried. The Plaintiff had reason to expect his cause would be tried before- the expiration of five years. He lias been in no fault. If is not owing to him that the cause has not been tried- Shall he then be turned round to begin his cause.' again ? Surely it would be (he excess of injustice to say so.' There arc cases enough to warrant the amendment, and it will operate no hardship upon any one— wherefore, let the demise, be enlarged, arid it was enlarged.
Note. — Vide Faircloth v. Ingram, post 501. Adams on Eject. 203, 201,