The Court having thus intimated an opinion, Seawell contended that if complainant got a decree he could not recover costs. The defendants are heirs at law, having no knowledge of the facts upon which the equity of Sykes and Price rested, and some of them are infants, who are not to blame for the defense set up here or the claim asserted at law for them by their next friends. Infants never pay costs. 3 Atk., 223; 2 N.C. 371. *Page 54 
Whether the complainant had a legal title to the land for which he was sued, it is unnecessary to decide, because he was unable to establish it upon the trial at law, in consequence of the destruction of the deed, which was effected (92) by the fraudulent combination of Sykes and Isles. That gives this Court jurisdiction, and his remedy is properly sought here. With respect to the other thirty acres, Sykes was the equitable owner, and might for a valuable consideration assign his equitable title to Price, who, purchasing bona fide, could compel Isles to convey to him the legal title.
When, therefore, Price became the purchaser at the sheriff's sale, at the request of Sykes, and after his declaration that the land belonged to him, he stood upon the ground of an assignee, and is well entitled to a deed.
With respect to the costs, they ought to be paid by the defendants, since they prosecuted an unjust claim at law, and have set up an inequitable defense in this Court. In such case the infancy of the defendants forms no excuse.
The Court consisted of the Chief Justice, Hall and Murphey, and thedecree was that the defendants, who were of full age, should immediately execute a conveyance to complainant for the whole tract of sixty acres, with covenants of title as against themselves and those claiming under them; that the infant defendants should, within one year after full age, execute similar conveyances, respectively; that complainant should forthwith be let into possession and be quieted therein, and an account of rents and profits was ordered, and that defendants should pay all costs at law and in equity, reserving to the infants six months after full age and service of the decree to show cause against it.
Cited: Morris v. Ford, 17 N.C. 418; Hardin v. Barrett, 51 N.C. 162;Vestal v. Sloan, 83 N.C. 557; Ray v. Wilcoxon, 107 N.C. 523; Arringtonv. Arrington, 114 N.C. 171; Patterson v. Ramsey, 136 N.C. 566; Dew v.Pyke, 145 N.C. 305. *Page 55 
(93)